# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

**VLADIMIR MAKSIMOVICH IAKUSHIN**,

    *Petitioner*,

  v.

**LUIS SOTO**, *et al.*,

    *Respondents*.

Civil Action No. 26-cv-04167

**ORDER**

---

  This matter comes before the Court on the Petition for Writ of Habeas Corpus. (ECF No. 1). The Court held a hearing on April 30, 2026. For the reasons stated on the record at the hearing, **IT IS ORDERED** that by <u>**May 1, 2026, at 12:00 p.m.**</u> Respondents **shall do one of the following:** <u>(1) provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) at which the Government bears the burden of proof by clear and convincing evidence.</u>[1] <u>Respondents shall file a letter on the docket confirming that such a hearing has been provided and the determination made as to bond;</u>

  **OR** <u>(2) release Petitioner by that same date and time</u>. If Respondents do not provide Petitioner with the bond hearing described above and provide confirmation of the same, the Court

---

[1] The Court recognizes that detainees generally bear the burden of proof at bond hearings under § 1226(a). *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018). For the reasons stated on the record, however—including the Government's inability to establish that Petitioner was advised in his native language of his right to seek a bond hearing, the unexplained delay in providing such a hearing after both the U.S. Attorney's Office and Petitioner's counsel requested one, and the allegations that Petitioner suffers from a serious psychiatric condition requiring ongoing treatment—in conjunction with the fact he has now been detained sixteen days without a bond hearing, and absent Court intervention will not receive a bond hearing until at least May 5, the Court finds that due process, as applied to Petitioner, now requires the Government to bear the burden of proof. *Cf. German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020); *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020). The Court reserves the right to further explain its reasoning in a forthcoming opinion or order.

will deem Respondents to have elected release. In that event, Petitioner **SHALL BE RELEASED** under the same conditions, if any, that existed before their detention, including: (a) release in the State of New Jersey, if Petitioner was initially arrested in New Jersey, or otherwise as close to the place of initial arrest as reasonably practicable; (b) without additional conditions (such as ankle monitors or other electronic tracking devices); and (c) with all personal property seized at the time of arrest in the same condition as it existed immediately prior to arrest. If release occurs pursuant to this Order, Respondents shall promptly file a letter on the docket confirming the date, time, and location of release and certifying that the foregoing conditions have been satisfied.



**CHRISTINE P. O'HEARN**
**United States District Judge**

Dated: April 30, 2026

2